IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY B.; JAMISON B., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE COMPANY; BLUE CROSS OF CALIFORNIA INC.; ANTHEM UM SERVICES, INC., <br><br> Defendants. | No. C 14-2253 MMC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; DENYING PLAINTIFFS' REQUEST FOR FEES AND COSTS** |

  Before the Court is plaintiffs' motion, filed June 13, 2014, to remand the above-titled action to the Superior Court of the State of California. Defendants have filed opposition, and plaintiff has filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 25, 2014, and rules as follows.

  1. The Court agrees with plaintiffs that the nature and number of persons employed by plaintiffs' law firm precludes a finding that the policy at issue is an employee benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"). See 29 C.F.R. § 2510.3-3(b)-(c) (providing "employee benefit plan" under ERISA "shall not include any plan, fund, or program . . . under which no employees are participants covered under the plan"; further providing "[a]n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business . . . which is wholly owned by the individual

or by the individual and his or her spouse"); see also Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon, 541 U.S. 1, 21 (2004) (holding "[p]lans that cover only sole owners or partners and their spouses . . . fall outside . . . domain" of Title I of ERISA).

    2. The Court finds unpersuasive defendants' argument that plaintiffs can be estopped from asserting the policy is other than an ERISA plan. Indeed, even if both parties were in accord that the policy qualifies as an ERISA plan, such agreement would not suffice to confer jurisdiction in the absence of facts sufficient to support a finding to that effect, see Mitchell v. Maurer, 293 U.S. 237, 244 (1934) (holding "lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties"); to the extent defendants argue they relied to their detriment on the statements made in the application for the subject policy, any such argument is more properly raised in state court as a defense to plaintiffs' claims.

    3. In light of the arguably conflicting statements made in the application and the questions raised by defendants as to the legal effect thereof, the Court finds an award of attorney's fees is not appropriate in this instance. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (noting, "absent unusual circumstances," attorney's fees should not be awarded where removing party has "an objectively reasonable basis for seeking removal").

## CONCLUSION

For the reasons stated above:

    1. Plaintiffs' motion is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of the State of California, in and for the County of San Francisco.

    2. Plaintiffs' request for an award of attorney's fees and costs is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 22, 2014

                                        MAXINE M. CHESNEY
                                        United States District Judge